IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NADINE F. BELSHER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-10-186-HE
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
    Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Nadine Belsher seeks judicial review of an administrative denial of benefits. The Court should reverse and remand for further findings with respect to Dr. S.A. Chaudry's opinions.

BACKGROUND

In 2002, Ms. Belsher applied for insurance benefits based on an alleged disability. *See* Administrative Record at pp. 68-70 (certified May 3, 2010) ("Rec."). The Social Security Administration ("SSA") denied the application,[1] and the Plaintiff appealed. This Court reversed and remanded for further consideration of Dr. Treva Graham's medical opinion. *See id.* at pp. 414-24.

---

1     Rec. at pp. 6-8, 10-12, 24-28, 31-32.

On remand the SSA again denied the application,² and the present action followed. Ms. Belsher argues in part that the administrative law judge had erred in the consideration of Dr. S.A. Chaudry's medical opinions. Plaintiff's Opening Brief at pp. 17-21 (Aug. 23, 2010). Ms. Belsher is correct, and reversal is necessary.³

STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). In this circuit, the SSA must follow specific rules when weighing the evidence, and departure from these rules constitutes reversible error. *See Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988).⁴ Reversal is also necessary if the agency has failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

---

²     Rec. at pp. 382-84.

³     Ms. Belsher also advances other claims. However, the Court need not consider them in light of the suggested reversal on other grounds. *See infra* pp. 3-10; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

⁴     There the court stated: "There are specific rules of law that must be followed in weighing particular types of evidence in disability cases. Failure to follow these rules constitutes reversible error." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988) (citations omitted).

# LEGAL ERROR IN THE ASSESSMENT
# OF DR. CHAUDRY'S MEDICAL OPINIONS

As Ms. Belsher argues, the administrative law judge erred in the consideration of Dr. Chaudry's medical opinions.

I. <u>The Standard for Evaluation of Medical Opinions</u>

When confronted with an examining physician's opinion, an administrative law judge must consider "several specific factors." *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted); *see* 20 C.F.R. § 404.1527(d). If the judge rejects the medical opinion, he must give "'specific, legitimate reasons.'"[5]

II. <u>The Administrative Law Judge's Consideration of Dr. S.A. Chaudry's Opinions</u>

The administrative law judge stated that she was giving Dr. Chaudry's opinions "some weight." Rec. at p. 402. In other settings, this assignment of weight might suffice. But it does not do so here. The judge and the physician differed in their assessments of physical capacity, and the difference is not explained in the decision. The absence of such an explanation prevents any meaningful review over the administrative law judge's analysis of Dr. Chaudry's opinions. Unable to engage in such review, the Court should reverse and remand for further findings.

---

[5]      *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*) (citation omitted) (discussing rejection of a treating physician's opinions); *see also Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (holding that even when an examining doctor is not considered a "treating physician," the administrative law judge must "provide specific, legitimate reasons for rejecting" the medical opinion (citation omitted)).

3

A.     Dr. Chaudry's Assessment

Dr. Chaudry examined Ms. Belsher, finding "[p]ainful range of motion with paraspinous muscular tenderness" and providing an impression of "[g]eneralized aches and pains," "[m]yalgias," and "[a]rthralgias." Rec. at p. 324. Dr. Chaudry then opined that Ms. Belsher could:

- occasionally lift less than 10 pounds,
- stand or walk less than 2 hours in an 8-hour work day, and
- occasionally climb, balance, kneel, crouch, crawl, or stoop.

*Id.* at pp. 329-330. The examining physician added that Ms. Belsher's impairments would affect her ability to sit, push, and pull. *Id.* at p. 330.

B.     The Administrative Law Judge's Failure to Explain Her Assignment of "Some Weight" to Dr. Chaudry's Opinions

The administrative law judge said she was giving Dr. Chaudry's opinions "some weight." *See supra* p. 3. But the Court cannot determine where that weight was given or why the judge had departed from Dr. Chaudry in the assessment of physical capacity.

For example, the administrative law judge ultimately determined that the Plaintiff could:

- "lift and/or carry, and push and/or pull ten pounds,"
- "stand and/or walk for three hours in an eight-hour work day,"
- "sit as the job required,"
- "stoop, crouch, kneel, balance, and climb ramps or stairs occasionally," and

4

- not "crawl, or climb ladders, ropes, or scaffolds" or "work at unprotected heights or around hazards."

Rec. at pp. 396-97.

Some of these restrictions correspond to Dr. Chaudry's opinions, but some do not. *See supra* p. 4. The administrative law judge suggested that she was giving Dr. Chaudry's opinion "some weight" in the aggregate. But she failed to explain how that weight coincided with some of Dr. Chaudry's opinions and not others. The judge either failed to give "some weight" to all of the opinions, or she rejected some without an explanation.

In other circumstances, an administrative law judge's shorthand description of "some weight" might suffice. Here, however, the context of the judge's description creates an inherent ambiguity in the findings involving residual functional capacity. As the administrative law judge noted, Dr. Chaudry found an ability to lift less than ten pounds and to stand or walk for less than two hours in an eight-hour workday. Rec. at p. 401. The judge departed from this assessment when she found an ability to lift ten pounds and stand or walk for three hours in an eight-hour workday. *Id*. at pp. 396-97; *see supra* pp. 4-5. In light of her findings, the judge presumably did not give any weight to Dr. Chaudry's opinions regarding the ability to lift, stand, or walk. But, that presumption would be based solely on the inconsistency between Dr. Chaudry's opinions and the judge's findings. The judge never said why she was rejecting this portion of Dr. Chaudry's opinion if in fact she was doing so.

5

Approximately four months ago, the Seventh Circuit Court of Appeals addressed a similar issue in *Larson v. Astrue*, 615 F.3d 744 (7th Cir. 2010). There a treating physician assessed the claimant's mental capacity, stating that she:

- had severe depression,
- was experiencing repeated episodes of decompensation,
- had marked difficulties in social functioning, and
- had frequent deficiencies of concentration, persistence, or pace.

*See Larson v. Astrue*, 615 F.3d at 747. This assessment would have satisfied a regulatory listing, entitling the claimant to disability benefits. *See id*. at 748; *see also* 20 C.F.R. pt. 404, subpt. P, App. 1 § 12.04(B). The administrative law judge stated that he had given "'some weight'" to the physician's assessment, but reached a different opinion about the claimant's psychological condition. *See Larson v. Astrue*, 615 F.3d at 748-49. The Seventh Circuit Court of Appeals concluded that in this context, the administrative law judge was not being "helpful" when he said that he was giving "some weight" to the doctor's opinions. *Id*. at 751. The problem was that this description did not account for the judge's departure from the physician in the assessment of the claimant's limitations. *Id*. at 751.

The same is true here, as the administrative law judge's shorthand description - "some weight" - could mean any of the following:

- the judge ultimately credited Dr. Chaudry's opinions in their entirety but concluded that they were outweighed by other evidence,
- some of the opinions were valid and others were invalid,

6

- all of the doctor's opinions were valid, or

- all of the doctor's opinions were invalid.

Each interpretation is plausible because the administrative law judge never said why she was departing from Dr. Chaudry in the assessment of Ms. Belsher's ability to lift, stand, or walk.

The little said by the judge creates more questions than it answers. For example, the judge stated:

> The Administrative Law Judge has given some weight to [Dr. Chaudry's] opinion, as he did examine the claimant and test her range of motion and leg, hand, and arm functions. The examining findings are within normal limits and are in accord with the record when read as a whole, and consistent with the majority of the other medical opinions.

Rec. at p. 402. The "normalcy" of the doctor's findings is not self-evident, as Dr. Chaudry found that the range of motion was "[p]ainful . . . with paraspinous muscular tenderness." *Supra* p. 4 (quoting Rec. at p. 324). Indeed, the medical expert, Dr. Herbert Reinhardt, testified that the Plaintiff would need to avoid lifting and that her pain would adversely affect her ability to stand. Rec. at pp. 374-77.

The Defendant purports to clarify the weight given to Dr. Chaudry's opinion, stating: "To the extent that [Dr. Chaudry's] evidence was consistent with the other medical evidence of record, the [administrative law judge] correctly gave it some weight, in accordance with the governing regulations." Social Security Response Brief at p. 8 (Oct. 22, 2010). But this explanation underscores the ambiguity of the administrative law judge's explanation. One might surmise that the administrative law judge had questioned Dr. Chaudry's limitations on

7

the abilities to stand, walk, and lift as inconsistent with the other evidence. But the administrative law judge never stated:

- whether she was rejecting Dr. Chaudry's opinions on the ability to stand, walk, or lift, or

- why she was rejecting these opinions (if that were the case).

The judge made only two remarks which could conceivably be tied to Dr. Chaudry's opinions on the ability to stand, walk, or lift:

- "Nonetheless, it is not clear whether [Dr. Chaudry] merely checked blocks based on the claimant's statements to him that she could stand for five minutes at a time, could walk unassisted for fifty to one hundred feet and could sit for thirty minutes at a time."

- Dr. Chaudry's findings were "within normal limits" and "in accord with the record when read as a whole" and consistent with most of the other medical opinions.

Rec. at p. 402; *see supra* p. 7.

One wonders why the administrative law judge would have suspected that Dr. Chaudry might have simply checked boxes based on the claimant's statements rather than rely on his own examinations. The form, which the judge refers to, called for Dr. Chaudry to base his assessment on his "findings with respect to medical history, clinical and laboratory findings (or lack thereof), diagnosis, prescribed treatment and response, expected duration and prognosis." *Id*. at p. 329. If the judge suspected a violation of the agency's instructions, she could have asked the doctor. Indeed, the judge would have had an obligation to solicit further information before she could reject Dr. Chaudry's opinion on this

basis.[6] But, as noted above, the judge did not say that she was rejecting Dr. Chaudry's opinions on lifting, standing, or walking. She simply said that she did not know whether Dr. Chaudry was relying on Ms. Belsher's statements rather than the physical examinations, as called for in the instructions. *See supra* p. 8.

The judge also remarked that Dr. Chaudry's opinions were within normal opinions and consistent with the record as a whole. *See supra* pp. 7-8. But, as noted above, Dr. Chaudry found painful range of motion with paraspinous muscular tenderness. Rec. at p. 324; *see supra* p. 4. These findings were obviously not "normal," and the administrative law judge acknowledged elsewhere that Ms. Belsher had severe impairments involving osteoporosis, hypothyroidism, degenerative disc disease, generalized myalgias and fatigue, and a chronic pain disorder. Rec. at p. 389. In light of these findings, the Court has no way to ascertain why the administrative law judge would have rejected Dr. Chaudry's opinions on lifting, standing, or walking based on his "normal" findings or the consistency with other medical opinions.

In short, the administrative law judge used a shorthand description to describe the weight given to Dr. Chaudry's opinion. That description, "some weight," might suffice in many other cases. Here, however, the description was singularly uninstructive. The administrative law judge assessed the abilities to lift, stand, and walk in ways that departed

---

[6] The social security regulations provide: "We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved . . . [or] the report does not contain all the necessary information." 20 C.F.R. § 404.1512(e)(1).

from Dr. Chaudry's opinion. The judge never said why. Perhaps the judge thought these parts of Dr. Chaudry's opinion were unimportant. Perhaps the judge thought there were reasons to reject these parts of Dr. Chaudry's opinion. Perhaps the judge overlooked these parts of Dr. Chaudry's opinion. All are possible, and the judge's shorthand reference - "some weight" - does little to clarify her reasons for departure from Dr. Chaudry on the abilities to lift, stand, or walk. In these circumstances, the Court should reverse and remand for failure to demonstrate "'a sufficient basis to determine that appropriate legal principles have been followed.'" *Supra* p. 2 (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*)).

## RECOMMENDED RULING

The administrative law judge committed legal error in the consideration of Dr. Chaudry's opinions. As a result, the Court should reverse and remand for further findings concerning Dr. Chaudry's opinions.

## NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.). The deadline for objections is January 6, 2011. *See* 28 U.S.C.A. § 636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[7]

---

[7] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

STATUS OF THE REFERRAL

The referral is discharged.

Entered this 20th day of December, 2010.

_____
Robert E. Bacharach
United States Magistrate Judge